UNITED STATES of America
v.
Ronald Evans RINES, Appellant (two cases).

Nos. 71–1388, 71–1389.

United States Court of Appeals, Third Circuit.

Submitted on Briefs Dec. 1, 1971.

Decided Dec. 15, 1971.

879

Edward Reif, McAllister, Reif & Shapiro, Philadelphia, Pa., for appellant.

Charles B. Burr, II, Asst. U. S. Atty., Philadelphia, Pa. (Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before SEITZ, Chief Judge, and KALODNER and GIBBONS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Appellant was charged in a two count indictment with (1) the knowing and unlawful entry of a federally insured bank with intent to commit robbery and larceny therein (Count I of Criminal No. 69–259) and (2) assault on a federal officer engaged in the performance of his official duties. (Count II of Criminal No. 69–259). He pleaded guilty to Count I, and the Government agreed to dismiss Count II at the time of sentencing. After the imposition of a ten year sentence on Count I under the provisions

of 18 U.S.C. § 4208(a) (2) (1971) appellant successfully moved to withdraw his guilty plea.

Thereafter the Grand Jury returned a new indictment, Criminal No. 71–60, for assault on a federal officer in violation of 18 U.S.C. § 111 (1971), in effect the original Count II of Criminal No. 69–259, which had been dismissed. The indictments were consolidated for trial on March 15, 1971 and on March 16, 1971 the jury returned a verdict of guilty on both. The district court imposed a prison sentence of ten years on Criminal No. 69–259 and a consecutive two year prison sentence on Criminal No. 71–60.

■ Appellant contends that the evidence was insufficient to support a jury finding that he entered the bank with intent to commit a robbery. In the Government's case proof of scienter was an admission by appellant that he had thought about holding up the bank with a starter's pistol. The trustworthiness of this confession is corroborated by substantial other evidence tending to establish the corpus delicti. United States v. Wilson, 436 F.2d 122, 124 (3d Cir. 1971).

■ Appellant contends there was no proof of scienter with respect to the charge of assault on the federal officer. None is required. United States v. Goodwin, 440 F.2d 1152, 1155 (3d Cir. 1971).

■ Appellant contends that an unsolicited reference to him as a "bank robber" made by a police officer in the course of the officer's testimony was so highly prejudicial as to have required a mistrial. The court gave an appropriate instruction on this point and a review of the record made clear that a mistrial was not required in the circumstances.

■ Appellant contends that the new sentences totaling twelve years, violate the rule of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). There is no *Pearce* issue here, however, for the second sentence on the bank robbery count is no greater than was first imposed. The additional two year sentence was imposed on the separate offense of assault on a federal officer. The dismissal of Count II of the first indictment and a reindictment on the same charge does not place a person twice in jeopardy. *See* Bassing v. Cady, 208 U.S. 386, 28 S.Ct. 392, 52 L.Ed. 540 (1908); United States v. Kimbrew, 380 F.2d 538 (6th Cir. 1967).

We have considered each of the foregoing contentions raised by appellant's counsel as well as other contentions in a supplemental pro se brief filed by appellant and find all to be without merit.

The judgments of the district court will be affirmed.