Charles Edward **GILLON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46016.

Court of Criminal Appeals of Texas.

March 28, 1973.

Vincent W. Perini, Dallas, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery by assault; the punishment forty years imprisonment.

The appellant's first complaint is that he was denied the right to cross-examine a witness.

The witness Jackson was the only witness who was able to identify the appellant as being a participant in the robbery. Prior to trial, by a motion in limine, and again after Jackson had testified on direct examination and was passed for cross-examination, the appellant's counsel urged the court to rule that the State would not be permitted to introduce evidence which would show that he had committed other robberies near the time of the commission of the robbery for which he was on trial. The court refused to rule at either time that the State would be absolutely prohibited from introducing this evidence but made it plain that he would not permit the introduction of such testimony until it was shown to be an exception to the general rule that such evidence is not admissible. The appellant did not cross-examine Jackson and the State did not attempt to introduce evidence which would tend to show or would show the commission of other robberies.

The appellant contends that the court placed his counsel in an "intolerable dilemma" and that he was deprived of the right of cross-examination, a right implicit in the constitutional guarantee of the right of confrontation and to effective assistance of counsel.

Trial counsel are often called upon to make difficult decisions. This is a part of

their task. The appellant's counsel in his briefs states that "cross-examination in this case could have been effective but the threat of extraneous offenses in evidence far outweighed the benefit of cross-examination."

Counsel contends that a part of the "intolerable dilemma" was caused by his belief that the law permitted the State to introduce extraneous offenses if he effectively cross-examined the witness Jackson. This court has recently expressed itself on this facet of the law. In Albrecht v. State, 486 S.W.2d 97 (Tex.Cr.App.1972), it was said:

"In some limited instances, evidence of extraneous offenses may become admissible where the effectiveness of the state's direct evidence, though uncontradicted by other evidence, is completely undermined by defense cross-examination. See, Simmons v. State, Tex.Cr.App., 457 S.W.2d 570; Ferrell v. State, Tex.Cr. App., 429 S.W.2d 901; Olivio v. State, Tex.Cr.App., 422 S.W.2d 182. However, it is not the mere asking of the questions but the responses elicited from the witness which are determinative. Where the testimony of a witness remains unimpeached after cross-examination, the mere fact that the witness was cross-examined does not authorize the state to introduce testimony of extraneous offenses. See, Caldwell v. State, Tex.Cr. App., 477 S.W.2d 877, where we stated:

" 'To hold that the cross-examination of this prosecutrix would permit the introduction of an extraneous offense would be tantamount to holding that such testimony would be admissible in any case where a defendant's counsel exercises the constitutional right of cross-examination. That is not and should not be the law.' "

See also Franklin v. State, 488 S.W.2d 826 (Tex.Cr.App.1972).

■ A trial judge cannot be called upon to make an advance ruling of the admissibility of evidence as he was requested to do in this case. The ruling of the trial court was correct at the time that it was made. The trial court could not anticipate whether the testimony concerning the other robberies would be or would not be admissible. The ruling of the court did not deprive the appellant of his right of cross-examination. His counsel made a studied and deliberate choice before deciding not to cross-examine Jackson. No error has been shown.

■ The appellant's remaining ground of error concerning his right to counsel at a lineup and whether or not he had waived such counsel is without merit. It is not shown that the appellant was entitled to have counsel appointed at the time the lineup was held which was prior to charges being filed. See Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); Yancy v. State, 491 S.W.2d 891 (Tex.Cr. App.1973); Turner v. State, 486 S.W.2d 797 (Tex.Cr.App.1972) and Ellingsworth v. State, 487 S.W.2d 108 (Tex.Cr.App.1972). Furthermore, the record shows that the appellant made a written waiver of the right to have an attorney present at the identification lineup. There is nothing to show that the waiver was restricted to one lineup and that it did not cover several lineups and the investigation of several armed robberies. The lineup in this case was one day after the waiver had been executed.

The judgment is affirmed.

Opinion approved by the Court.