**Raymond YANCY, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45885.**

Court of Criminal Appeals of Texas.

March 28, 1973.

---

**892**

---

William Lane, Jr., Marshall, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant seeks relief from a conviction for the offense of robbery by firearms.

Punishment was assessed at 40 years' confinement.

Two grounds of error are raised on appeal.

Appellant first alleges that identification testimony of certain witnesses should not have been admitted since appellant was subjected to a lineup proceeding at a time time when he was without counsel. The record reflects that upon appellant's warrantless arrest, he was immediately placed in a lineup. He contends that he was never advised of his right to counsel. There was contradictory testimony from State's witnesses to the effect that appellant *requested* a lineup upon being arrested "in order to clear the matter up."

■ Regardless, we note that the lineup proceeding took place prior to any arraignment, indictment or formal charges being brought against appellant. The United States Supreme Court's ruling in Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L. Ed.2d 411, is contrary to appellant's argument. See Ellingsworth v. State, 487 S. W.2d 108 (Tex.Cr.App.1972).

■ The careful trial judge went further, however, and made a finding that the positive eyewitness identification of appellant in court by several State's witnesses was of independent origin and free of any taint from a possibly illegal lineup. Martinez v. State, 437 S.W.2d 842 (Tex.Cr.App. 1969).

■ In his only remaining ground, appellant makes the broad allegation that his warrantless arrest was illegal, in that probable cause was lacking. We are not referred to any portion of the record, nor does appellant recite the facts surrounding his arrest. No authorities are cited. A search of the record fails to reveal any objection to appellant's arrest. Nothing is presented for review.

The judgment is affirmed.