James Alton **WINN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47905.

Court of Criminal Appeals of Texas.

Jan. 16, 1974.

Richard M. Price (Court appointed), Abilene, for appellant.

Ed Paynter, Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery by assault; the punishment, enhanced under Art. 62, Vernon's Ann.P.C., life.

Appellant raises four grounds of error.

In grounds of error one and two appellant complains of the pre-trial identification of appellant by the injured party.

The record reflects that on February 26, 1973, Resalda Pena, a telephone operator for Southwestern Bell in Abilene, got off work at 9:30 and proceeded to her car. As she approached her car she observed a man, whom she subsequently identified as appellant, running down the street toward her. As the man ran past her, he grabbed her purse causing her to lose her balance and fall. Miss Pena testified that she was nevertheless able to hold onto the purse and a struggle ensued. She related that it was only when appellant raised his arm as if to strike her that she released her grip on the purse. She testified that appellant then ran in a northerly direction. She immediately reentered the telephone building and called the Abilene police, giving an account of what had taken place and a description of the man to a Lieutenant Davis. She testified that she then went immediately to the police station, where some ten to fifteen minutes after the assault she observed appellant being "booked" for this offense. It is this viewing of the appellant and identification by the injured party that is the basis for complaint in these two grounds of error.

At a hearing held outside the presence of the jury, testimony of police officers reflected that Miss Pena reported the offense at 9:32 p. m. She described her attacker as a tall black man with an Afro-type hairstyle, moustache and goatee, wearing a yellow windbreaker, light shirt and dark pants. Lieutenant Davis and another police officer immediately left the police station, proceeding to an area north of the telephone building within one half block of the police station where appellant was observed walking across the street and carrying a purse. A brief chase ensued, during which appellant dropped the purse he was carrying. The contents of the purse, recovered about fifteen feet from where appellant was seized and arrested, reflected that it belonged to Miss Pena.

At the time of his arrest appellant was wearing dark pants, a light shirt, a yellow windbreaker, and he had a moustache, goatee, and Afro-hairstyle. Appellant was then taken to the police station and was being "booked" at 9:49 p. m., some seventeen minutes after Miss Pena had called the police. Lieutenant Davis testified that he took Miss Pena downstairs to the "booking" area and asked her if she recognized the man who took her purse. She then identified appellant who was standing with several officers at the booking counter.

Appellant was the only black man in the room at the time the identification was made. Miss Pena was told that she was being taken to look at a man they had found with her purse. The police made no attempt to hold a line-up. Appellant had not waived his right to have counsel present during any identification procedures.

The injured party testified that the lighting on the street was good, there being three street lights and a nearby bank building which was well lit. She testified that during the struggle for the purse she had ample opportunity to observe appellant's features. Appellant was wearing the same clothing when observed by the injured party at the police station as he had been wearing during the assault. A period of only seventeen minutes had elasped from the time of the assault until the identification was made. Miss Pena testified that her in-court identification of appellant was based solely on her observation of him during the assault.

At the conclusion of the hearing, the trial court found that the in-court identification was not tainted by the identification made at the police station, that the circumstances at the police station were not unduly suggestive, and that Miss Pena's identification was based on her observations at the time of the offense. The United States Supreme Court in the recent case of Neil v. Biggers, 409 U.S. 188, 93

S.Ct. 375, 34 L.Ed.2d 401 (1972), stated that the important consideration is "whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive."

While we do not commend the procedure here utilized, we have concluded that weighing all the circumstances and factors in this case, we must agree with the trial court that there was no substantial likelihood of misidentification. Additionally, we note that the identification took place prior to any arraignment, indictment, or formal charges being brought against appellant. Therefore, under the rulings of the United States Supreme Court in Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411, and of this Court in Yancy v. State, 491 S.W.2d 891, and Ellingsworth v. State, 487 S.W.2d 108, the absence of counsel at the time of the identification of appellant is not fatal. See also United States v. Ash, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619; United States v. Ryan, 478 F.2d 1008 (5th Cir., 1973).

Grounds of error one and two are overruled.

■ In ground of error number three, appellant contends that the evidence is insufficient to show that appellant took any lawful money from the injured party. The indictment alleged a taking of "lawful money of the United States of America". The proof showed that a purse was taken. The question arose as to how much money the purse contained. Miss Pena testified that earlier on the evening in question she had purchased a coke and had dropped the change from this purchase—several coins —into the purse. She estimated that she had 30 to 40 cents. The evidence is sufficient. Byrd v. State, Tex.Cr.App., 456 S.W.2d 931.

■ In his final ground of error, appellant asserts that the proof shows theft from the person rather than robbery by assault. The evidence reflects that a strug-gle took place for control of the purse, during which Miss Pena lost her balance and fell. Miss Pena testified that it was only when appellant raised his arm as if to strike her that she released the purse, and that it was only the fear of being injured that caused her to give up the purse. It is clear that the threatened violence preceded the loss of the purse and the offense of robbery was established. Spead v. State, Tex.Cr.App., 500 S.W.2d 112; Johnson v. State, Tex.Cr.App., 493 S.W.2d 241.

Finding no reversible error, the judgment is affirmed.