James L. LANE, Appellant,

v.

The STATE of Texas, Appellee.

No. 47594.

Court of Criminal Appeals of Texas.

March 13, 1974.

Anthony F. Constant, Corpus Christi (Court appointed on appeal only), for appellant.

William B. Mobley, Jr., Dist. Atty., and John Potter, Asst. Dist. Atty., Corpus Christi, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for robbery by assault with a firearm wherein the punishment was assessed at fifteen (15) years, by the court following a guilty verdict.

The sufficiency of the evidence is not challenged except to the extent that identification testimony is contested.

The State's evidence shows that Eugene Berry, the complaining witness, agreed to take appellant home from the Bwana Club in Corpus Christi on November 15, 1972. As Berry was driving the appellant pulled a gun, demanded Berry's money, and snapped the trigger of the gun. The appellant then began choking Berry until he passed out. As he regained consciousness, the appellant was in the process of taking Berry's watch and billfold containing approximately $140.00. The appellant then hit Berry on the head with the gun, causing him to pass out again. Other witnesses placed the appellant in the Bwana Club and related he had left the club in company of Berry.

In his sole ground of error appellant contends his in-court identification by Berry, the complaining witness, was not admissible because Berry had identified him at a lineup at which he was not represented by counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution. He relies upon United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). In this connection he contends the court erred in overruling his motion to suppress.

The evidence concerning this contention was poorly developed at the hearing on the motion to suppress, and the findings of fact and conclusions of law made by the trial court were not filed in the trial court or here until long after the appeal reached this court. Regrettably, such findings do not address themselves to the right to counsel. We have had to comb through this voluminous appellate record trying to find relevant testimony bearing on the issue before us.

Although appellant asserts the lineup occurred sometime in December, 1972, it is not clear from the record just when the lineup took place. It does appear that at the time appellant was without counsel. Evidence as to waiver of the right to coun-sel was meager. There was some indication at the trial on the merits that appellant had been taken before a magistrate and warned of his rights in accordance with Article 15.17, Vernon's Ann.C.C.P.; and one officer testified that he also warned the appellant prior to the lineup of his right to counsel and had in fact called a lawyer, whose name he could not recall, and learned that such lawyer had not been retained and, therefore, had no objections to the lineup. He related that the lineup was conducted after such telephone call. It does not appear that an affirmative waiver of counsel was shown.

■ However, this record does not show that at the time the lineup occurred formal charges had been filed in connection with the instant case. It is undisputed that appellant was originally arrested by virtue of certain warrants out of Houston. We have carefully examined the two portions of the record which appellant contends reflect formal charges in the instant case had been filed against him and have read the entire record and cannot conclude that such formal charges had been filed prior to the lineup.

In Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), the United States Supreme Court held that a lineup after arrest, but before the initiation of any adversary criminal proceedings, unlike the post-indictment confrontation in Wade and Gilbert, is not a criminal proceeding where the accused, as a matter of absolute right, is entitled to counsel. Ellingsworth v. State, 487 S.W.2d 108 (Tex.Cr.App. 1972); Turner v. State, 486 S.W.2d 797 (Tex.Cr.App.1972); Yancy v. State, 491 S.W.2d 891 (Tex.Cr.App.1973); Gillon v. State, 491 S.W.2d 893 (Tex.Cr.App.1973). Cf. United States v. Ash, 413 U.S. 300, 93 S.Ct. 2568, 2580, 37 L.Ed.2d 619 (1973).

■ Even if it can be argued that formal charges had in fact been filed prior to the lineup, we still perceive no reversible error. The record supports the conclusion that Berry's in-court identification of the

appellant was of independent origin, based upon his observations of the appellant in the Bwana Club, and was not tainted by the lineup. While much was made of the type of lighting in the Bwana Club, four witnesses other than Berry identified the appellant as being in the club and being the man who left with Berry, who testified that the man who left with him was the one who committed the robbery.

Further, it is observed that the State made no effort to bolster the in-court identification with evidence of the lineup identification. It was the appellant who elicited evidence in the jury's presence of the lineup as well as a photographic identification by Berry in an attempt to discredit Berry's identification.

Appellant's ground of error is overruled.

The judgment is affirmed.