**Mark Edward BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 48814.

Court of Criminal Appeals of Texas.

July 24, 1974.

Rehearing Denied Sept. 18, 1974.

Marvin O. Teague, Bob Tarrant, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III and Charles Cate, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction was for robbery by assault; the punishment, assessed by the jury, was seven years.

■ In his first ground of error, appellant contends that the evidence was insufficient to sustain the conviction. We disagree.

Paula Sue Wood testified that she was employed as manager of Seven-Eleven Store No. 28 in Houston. She was working there on the evening of September 24, 1972. A man entered the store and pointed a handgun at her. He demanded that she fill a sack with money. She took paper currency from two cash registers and placed it in a sack. The man took the sack and fled. About $60.00 was stolen. Miss Wood identified appellant as the man who had robbed her. No other persons were present inside the store. Her testimony was uncontroverted. We find the evidence sufficient and appellant's first ground of error is overruled.

■ In his argument that the evidence is insufficient, appellant points to portions of Miss Wood's testimony in which she stated that at the time of the robbery an unidentified gentleman was using the telephone booth outside the store. After the robber had fled, the man finished his phone conversation and came into the store. Miss Wood testified that the gentleman told her that he had seen a man in the store but had not been paying attention to him. He did not see anything happen. For this reason she did not take his name.

Appellant argues that the State had an affirmative duty to account for all possible witnesses, that the State owed a duty to pursue the whereabouts of the unknown witness, and that this fact should raise an inference that the witness would have testified favorably to appellant and unfavorably to the State. He argues that by its failure to seek out the unknown witness the State has suppressed evidence just the same as if they had covered up tangible evidence in their possession that was favorable to appellant.

The record does not show that the identity of the unidentified man was known to the State. Nor does it show that the State did not attempt to find him. It appears that his identity and whereabouts were as available to appellant as to the State. There is absolutely no evidence in the record that evidence favorable to appellant was suppressed. Nelson v. State, Tex.Cr. App., 511 S.W.2d 18 (1974); Palafox v. State, Tex.Civ.App., 484 S.W.2d 739. The record does not support appellant's argument; this contention is without merit.

■ Appellant complains that the trial court erred in overruling his motion to suppress the in-court identification of appellant by Paula Wood, the State's only witness. Appellant argues that the in-court identification was inadmissible because it was tainted by an improperly conducted lineup identification made by Miss Wood after appellant's arrest. Appellant asserts that the lineup was conducted in a manner so suggestive that it gave rise to a substantial likelihood of misidentification and resulted in such unfairness as to deny due process of law. Appellant also complains that the lineup was conducted in violation of his Sixth and Fourteenth Amendment rights in that he was without assistance of counsel at the time of the confrontation and that the State has failed to show an intelligent waiver of the right to counsel.

Appellant requested and obtained a pretrial hearing in accordance with Martinez v. State, Tex.Cr.App., 437 S.W.2d 842, to determine whether the lineup was impermissibly suggestive. At the hearing, Miss

Wood testified that five or six men were in the lineup. All were white and dressed in street clothes. Miss Wood stated that all were of approximately the same age, weight and height. No attempt was made to direct her attention to any one of them more so than to the others.

A police officer testified that there was a variance in the height of the men of four to five inches between the tallest and the shortest. None of the men were of exactly the same height. Only appellant met the exact height estimation in the original description of the robber given by Miss Wood to the police shortly after the hold-up. Appellant asserts that this fact, in conjunction with the fact that the wall the men stood in front of was marked to show height, was sufficient to make the lineup impermissibly suggestive.

The record reflects that Miss Wood's identification at the lineup was based primarily on the distinctively personal characteristics of appellant's face and not his height. The record contains no finding by the trial court as to whether the lineup was impermissibly suggestive or not. We find that it was not.

■ In regard to appellant's contention that the record reflects a deprivation of his right to counsel at the lineup, the record is barren of direct evidence. At the punishment stage of the trial, the police officer who had arrested appellant testified, in the absence of the jury, that he had discovered appellant hitchhiking on Clarewood Street in Houston, October 18, 1972. When appellant saw the officer's patrol car, he took something out of his pocket and put it inside his pants. The officer stopped, arrested appellant for hitchhiking and frisked him. The object hidden in his pants was a pistol. The pistol was stolen. Appellant was booked for hitchhiking and for carrying a pistol. From the testimony at the pretrial hearing on appellant's motion to suppress, it appears that the lineup was conducted on the 18th or 19th of October, 1972. The record contains a formal complaint against appellant for robbery by assault sworn to and subscribed on October 19, 1972. An indictment was returned on November 9, 1972. The lineup was a multiple witness lineup. Witnesses to offenses other than the robbery in question were present to view a number of men for possible identification. It appears that appellant was indigent since counsel was appointed for him at some stage of the criminal proceedings, but no express finding of indigency appears in the record. There are no findings of fact with regard to appellant's right of counsel contentions. At the conclusion of the pretrial hearing on appellant's motion to suppress, appellant's counsel stated:

> "We originally stated the lineup was done without his consent. We have since found out that he signed a waiver. The fact that he signed a waiver, we're not going to argue it is any admission or contention of innocence or guilty of anything else . . . ."

There is nothing in the record to indicate the contents of the waiver.

The evidence is not fully developed. We have had to search throughout the record for what scraps of relevant material we could find. From the record as a whole, we conclude that appellant has failed to show that he was entitled to benefit of counsel at the lineup. The lineup was investigatory in nature and not accusatory. It was conducted before the institution of any adversary criminal proceedings in connection with the offense of robbery by assault, and appellant was not entitled to counsel as a matter of absolute right. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); Lane v. State, Tex.Cr.App., 506 S.W.2d 212; Winn v. State, Tex.Cr.App., 503 S.W.2d 816.

■ Aside from the question of whether the right to counsel had attached at the time of the lineup, the record reflects that at the conclusion of the pretrial hearing on appellant's motion to suppress the trial court found that Miss Wood was not influ-

enced by having seen appellant at the line-up, but that her identification was made as a result of an independent opportunity to view the appellant on the occasion of the robbery and was not in anywise tainted by the lineup. The finding is supported by the record. At the time of the robbery, Miss Wood had an adequate opportunity to observe the bandit at close range and did so. She gave a detailed description of the man's appearance to the police when she reported the robbery. She did not deviate from her original description at the time of the lineup nor at the time of the trial. At the hearing Miss Wood unequivocally identified appellant as the man who had robbed her and testified that the line-up had nothing to do with her identification. The trial court did not abuse its discretion in overruling appellant's motion to suppress the in-court identification. Martinez v. State, Tex.Cr.App., 437 S.W. 2d 842; Winn v. State, Tex.Cr.App., 503 S.W.2d 816; Lane v. State, Tex.Cr.App., 506 S.W.2d 212. Appellant's contention that the in-court identification was tainted is overruled.

■ In his final ground of error, appellant complains of the following argument made by the prosecutor at the guilt-innocence stage of the trial:

"Reasonable doubt? Everyone of us had a doubt when Mr. Ross stopped with the question 'Were you fired or did you quit? I was fired. No further questions. I made my case. We got a thief or something on this stand. No further questions.'

"Well, Mr. Ross, isn't it reasonable to go ahead, ask these further questions, 'Why were you fired?' No, because we might find out the truth."

Appellant's objection was overruled by the trial court.

At the end of his cross-examination of Miss Wood, appellant's counsel, Mr. Ross, asked:

"By Mr. Ross:

"Q Where did you work prior to working at Seven-Eleven?

"A U-Totem.

"Q Did you resign or were you fired?

"A I was fired.

"MR. ROSS: I have no further questions of this witness.

"THE COURT: Anything further, sir?"

On redirect, the prosecutor inquired:

"Q Why were you fired from U-Totem?

"A An inventory shortage that was not proven.

"Q Inventory of merchandise?

"A Yes, sir.

"Q Have you ever seen anyone else fired for that same reason?

"A A number of them.

"Q Have you seen it happen at Seven-Eleven?

"A Only if they couldn't pass the polygraph.

"Q Were you given a polygraph at U-Totem?

"A No, sir."

The prosecutor's remarks in final argument were a matter of logical deduction clearly directed towards matter in the record. Appellant's ground of error is without merit.

The judgment is affirmed.

Opinion approved by the Court.