Bobby Ray **WYATT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 54462.

Court of Criminal Appeals of Texas,
Panel No. 1.

May 10, 1978.

Rehearing en banc Denied June 14, 1978.

---

Jake C. Cook, Court Appointed, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Marvin Collins and Ronald G. Knight, Asst. Dist. Attys., Fort Worth, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for aggravated robbery. V.T.C.A., Penal Code, Sec. 29.03. Punishment was assessed by the court at 20 years' imprisonment.

The evidence adduced at trial revealed that on January 26, 1975, at 9:30 p. m., Betty Andrews, the night manager of a Quik Sak convenience store in Fort Worth, was robbed of $150.00. Andrews testified that at the time of the robbery she was talking to a regular customer, Gregg Johanson. The appellant, accompanied by four others, entered the store carrying a flashlight. The appellant and one other man stated in unison, "Is this y'all's flashlight?" Johanson stated that the flashlight was his and when he reached out, one of the men who had accompanied the appellant grabbed Johanson's arm and placed a gun to his head. Johanson was instructed to lay on the floor facing away from the activity. The man with the gun demanded the money from witness Andrews and she stated, "It's in the register." The appellant then took the cash drawer out of the cash register and they left.

In his first ground of error, the appellant contends that the trial court erred in failing to suppress the in-court identification and all evidence of a lineup because such lineup was held without an attorney representing

the appellant. At the motion to suppress hearing it was established that the appellant was arrested January 29, 1975. On January 30, at 8:35 a. m., the appellant was given a magistrate's warning and signed a printed form acknowledging same. The lineup was held the same day at approximately 1:40 p. m., without counsel at which time Betty Andrews identified the appellant. On January 31, at 11:09 a. m., a formal complaint was filed charging the appellant with aggravated robbery. Appellant was subsequently indicted on February 25.

■ The appellant contends that the lineup was held after he had been *charged* with aggravated robbery and he was therefore entitled to counsel pursuant to the case of *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). In *Kirby*, the United States Supreme Court held that a lineup after arrest, but before the initiation of any adversary criminal proceedings, is not a criminal proceeding where the accused as a matter of absolute right is entitled to counsel. *Lane v. State*, Tex.Cr.App., 506 S.W.2d 212; *Gillon v. State*, Tex.Cr.App., 491 S.W.2d 893; *Ellingsworth v. State*, Tex.Cr. App., 487 S.W.2d 108.

In support of his contention, appellant relies upon the printed magistrate's form, which reads, in part: "You are charged with the offense of Aggravated Robbery." Appellant asserts that this amounted to the initiation of adversary criminal proceedings sufficient to invoke the appellant's right to counsel under *Kirby*. However, the sentence immediately following the one relied upon by the appellant states: "An affidavit charging you with this offense (has not) been filed in this court."

It is clear that the form signed and relied upon by the appellant is simply an acknowledgment that a magistrate's warning was given pursuant to Article 15.17, V.A.C.C.P.[1] We cannot conclude that informing a defendant of the accusation against him constitutes the initiation of adversary criminal

procedures. Consequently, in the instant case, the lineup was investigatory in nature and not accusatory. It was conducted prior to any arraignment, indictment, or formal charges being brought against him, and the appellant was not entitled to counsel as a matter of absolute right. *Brown v. State*, Tex.Cr.App., 513 S.W.2d 35; *Winn v. State*, Tex.Cr.App., 503 S.W.2d 816.

■ Even if it could be argued that formal charges had been filed prior to the lineup, no reversible error would be presented. The record reflects that Andrews' in-court identification of the appellant was of independent origin based on her observations of the appellant at the Quik Sak convenience store and not tainted by the lineup. *Ragon v. State*, Tex.Cr.App., 506 S.W.2d 214; *Nichols v. State*, Tex.Cr. App., 511 S.W.2d 269; *Beaupre v. State*, Tex.Cr.App., 526 S.W.2d 811. Appellant's ground of error one is overruled.

■ In his second ground of error, appellant contends that the trial court erred in failing to suppress the identification of appellant by witness Andrews because such evidence was obtained as the result of an illegal arrest. Appellant bases his contention that the arrest was illegal on the following testimony by Officer V. T. Sommers elicited at the punishment stage of the trial:

"Q Did you have anything to do with his arrest?

"A No, sir.

"Q Did you have anything to do with the preparation of this case?

"A Yes, sir.

"Q That is the Robbery Case?

"A Yes, sir, I did.

"Q Are you familiar with the underlying facts in it?

"A Yes, to some degree.

"Q Is it true that he was picked up on suspicion of burglary first by the Police?

1. Article 15.17, V.A.C.C.P., provides, in part: "The magistrate shall inform in clear language the person arrested of the accusation

against him and of any affidavit filed therewith, . . . ."

"A Yes, that's right.

"Q And did you talk to him or go out to his house with them?

"A No, sir, I did not.

 \* \* \* \* \* \*

"Q Was there a warrant out for his arrest at that time?

"A Not to my knowledge.

 \* \* \* \* \* \*

"Q You don't know of any reason of your own knowledge then why he was arrested, is that right?

"A That would be right, yes, sir.

"Q You had no personal knowledge of any probable cause to arrest him of your own knowledge, is that correct, for the burglary?

"A No, I don't know."

Contrary to appellant's contention that this testimony reflects no probable cause for the appellant's arrest, we view Officer Sommers' testimony as merely reflecting that he did not have personal knowledge of any probable cause. We cannot conclude that this testimony affirmatively demonstrates that there was no probable cause for appellant's arrest.

Even if we assume the arrest was illegal, we still conclude no error is shown. Betty Andrews testified unequivocally that her identification was a result of having seen the appellant over a period of several minutes at the time of the offense. Witness Andrews related that the lineup did not aid her in-court identification in any way and stated, "I remember his face. I'll never forget it." In the case of *Johnson v. State*, 496 S.W.2d 72, this Court was presented with an analogous situation and held:

"Since it is appellant's contention that the photograph was, in fact, the fruit of the poisonous tree, we conclude that identification testimony would have been obtained regardless by means sufficiently distinguishable from the underlying illegality to be purged of the primary taint. See *Wong Sun v. United States*, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The appellant would not have remained unidentified 'but for' the photo-graph taken. See *Wong Sun v. United States*, supra; *Santiago v. State*, 444 S.W.2d 758, 761 (Tex.Cr.App.1969). Cf. *Noble v. State*, 478 S.W.2d 83 (Tex.Cr. App.1972)."

Similarly, in the instant case, the identification of the appellant by Betty Andrews would have been obtained by means sufficiently distinguishable from the illegal arrest to be purged of the primary taint. *Johnson v. State*, supra; *Lujan v. State*, Tex.Cr.App., 428 S.W.2d 336; cf. *Writt v. State*, Tex.Cr.App., 541 S.W.2d 424. Appellant's contention is overruled.

■ In his ground of error three, appellant contends that the trial court erred in allowing the State to bolster Betty Andrews' in-court identification by showing her prior lineup identification of appellant. After witness Andrews identified appellant at trial, the State was allowed to elicit testimony that she had identified the appellant at a prior lineup, over defense objection. In *Lyons v. State*, Tex.Cr.App., 388 S.W.2d 950, this Court held:

"It is the rule that while a witness who has identified her assailant at the trial may testify that she also identified him while he was in custody of the police, others may not bolster her unimpeached testimony by corroborating the fact that she did identify him."

In the instant case, Betty Andrews was the only witness to testify concerning her pre-trial identification of the appellant and, as such, her testimony was admissible. See *Adams v. State*, Tex.Cr.App., 514 S.W.2d 262; *Jackson v. State*, Tex.Cr.App., 507 S.W.2d 231; *Smith v. State*, Tex.Cr.App., 520 S.W.2d 383. Appellant's third ground of error is overruled.

■ In his ground of error four, appellant contends that the prosecution in the present case was in violation of a plea bargain agreement and that the imposition of a 20 year sentence was, in essence, a penalty for the exercise of his right to appeal in violation of due process principles as expressed in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In order to clearly understand ap-

pellant's contention, the facts underlying his original plea bargain must be examined.

On December 4, 1974, the appellant pled guilty in Trial Cause No. 74–10–02420 to the offense of robbery and received a 10 year probated sentence. Subsequently, the appellant was indicted for forgery, Trial Cause No. 3201, and for the present aggravated robbery case. It was agreed by the State and the appellant that, in exchange for the appellant's plea of guilty to the forgery case and his plea of true to a revocation of the robbery probation, the State would recommend a 10 year sentence in each case and hold the present aggravated robbery case in abeyance pending the appellant's filing a frivolous appeal brief with this Court in each case.[2] The State agreed to dismiss the present aggravated robbery case after those appeals were affirmed. Thus, a condition precedent to any contractual duty of the State to dismiss was the affirmance of the convictions.

On appeal, we take judicial notice that the appeals were abated for re-briefing in light of this Court's decision on original submission in *Jones v. State*, Tex.Cr.App., 545 S.W.2d 771. See *Cranfil v. State*, Tex. Cr.App., 525 S.W.2d 518. On original submission in *Jones*, we held that a forgery indictment identical to the one in Trial Cause No. 3201 was fundamentally defective. After abatement, the trial court granted new trials in both the forgery case,

No. 3201, and the revocation of probation, No. 74–10–02420. Subsequently, this Court granted the State's motion for rehearing in *Jones* and held that the forgery indictment was not fundamentally defective absent a motion to quash.

Appellant contends that his filing of frivolous appeal briefs performed his entire contract. This is true as to his performance of acts or omissions imposed on him personally by the agreement; but an affirmance of the cases was required as a condition precedent to any contractual duty of the State to dismiss the present aggravated robbery case. Since the condition did not occur, the State had the right to proceed on said case absent some new agreement otherwise. Since appellant has never before been tried or sentenced for the instant offense, *North Carolina v. Pearce*, supra, does not apply.[3] *Alvarez v. State*, Tex.Cr.App., 536 S.W.2d 357; *Martinez v. State*, Tex.Cr. App., 471 S.W.2d 399. Appellant's fourth ground of error is overruled.

 In his ground of error five, appellant contends that the trial court erred in denying his motion for instructed verdict. Appellant argues that if we exclude the identification by Betty Andrews as alleged in his first two grounds, there would be no evidence connecting the appellant to the aggravated robbery. Initially, we note that the trial court is presumed to have had good cause in overruling a motion for instructed

2. We wish to express our concern with the plea bargain in the instant case. The record indicates that a part of the appellant's plea bargain was that he file frivolous appeal briefs in this Court. See *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Gainous v. State*, Tex.Cr.App., 436 S.W.2d 137. This raises the question of whether the State, as a proper subject matter of a plea bargain, can require the defense counsel to file a certain type of brief on appeal or raise only certain grounds of error in an appellate brief. While we need not decide this issue, we express grave reservations that such a matter may properly form a valid part of any plea bargain. See Title 14 App., Art. 12, Sec. 8, EC5–1, DR5–105(A), DR5–107(B), DR7–102(A)(2), V.A.C.S.; cf. *Employers Casualty Company v. Tilley*, 496 S.W.2d 552 (Tex.1973); *People v. Blakley*, 34 N.Y.2d 311, 357 N.Y.S.2d 459, 313 N.E.2d 763 (1974).

3. Any holding other than the one reached in this case would only serve to discourage plea negotiations by prosecuting authorities. Any prosecutor would hesitate to dismiss a charge as part of a plea bargain knowing that such charge could never be tried if the defendant was successful on appeal. See *State v. Rhein*, 117 N.J.Super. 112, 283 A.2d 759 (1971); *State v. Williams*, 39 N.J. 471, 189 A.2d 193 (1963); *State v. Stacy*, 43 Wash.2d 358, 261 P.2d 400 (1953); *Martinez v. Estelle*, 527 F.2d 1330 (5th Cir. 1976); *Harrington v. U. S.*, 444 F.2d 1190 (5th Cir. 1971); *U. S. v. Rines*, 453 F.2d 878 (3rd Cir. 1971); *U. S. v. Wells*, 430 F.2d 225 (9th Cir. 1970); *Munich v. U. S.*, 337 F.2d 356 (9th Cir. 1964); cf. *Hardwick v. Doolittle*, 558 F.2d 292 (5th Cir. 1977).

verdict. *Thumann v. State*, Tex.Cr.App., 466 S.W.2d 738; *Lewis v. State*, Tex.Cr.App., 481 S.W.2d 822. Further, having overruled his first two contentions, we find the evidence sufficient to support the conviction. *Banks v. State*, Tex.Cr.App., 503 S.W.2d 582. Appellant's fifth contention is overruled.

■ In his sixth ground of error, the appellant complains that the trial court erred in overruling his objection to the prosecutor's improper jury argument. During trial, the appellant's only witness was Gregg Johanson, the customer at the store at the time of the robbery. Johanson testified that he could not positively identify the appellant as the man who entered the store with the flashlight. He stated that, while he did not have sufficient opportunity to observe the man, his impression was that the man was shorter than the appellant. In this regard, the appellant made the following argument:

"... I knew then that I had to put on that witness [Gregg Johanson] to show this Jury that there was another witness out there some sixteen or seventeen months ago that said that the fellow that was out there with the flashlight was shorter than the man over here on trial.

\* \* \* \* \* \*

"... He said there was a flashlight out there that somebody brought in—a man shorter than this Defendant brought in the store. ...

\* \* \* \* \* \*

"... And the person with the flashlight was shorter than the Defendant here."

The appellant now complains of the following argument by the prosecutor:

"And, you know, Mr. Cook says that Gregg said that the Defendant was shorter or the man was shorter that was in the store. Well, Ladies and Gentlemen, this man has on platform shoes. He has got them on right now and he had them on yesterday when Mr. Cook had him stand up. And you can use your common sense and know that platform shoes add a couple of inches. He's pretty slick. That will add a couple of inches. He's got them on right now, platform shoes.

"So, I think that accounts for Gregg Johanson's testimony that the man that was in the store was shorter.

"MR. COOK: Your Honor, I object to his surmise of his testimony in this case.

"MR. BENNETT: That is a reasonable deduction, Ladies and Gentlemen.

"THE COURT: Overruled."

The prosecutor's argument was based on a reasonable deduction from the evidence. *Pesch v. State*, Tex.Cr.App., 524 S.W.2d 299; *Parish v. State*, Tex.Cr.App., 523 S.W.2d 665; *Kennedy v. State*, Tex.Cr.App., 520 S.W.2d 776; *Hunt v. State*, Tex.Cr.App., 511 S.W.2d 954; *Alejandro v. State*, Tex.Cr.App., 493 S.W.2d 230. Further, the prosecutor's argument was in response to that argument made by appellant's counsel. *Lapp v. State*, Tex.Cr.App., 519 S.W.2d 443; *Chappell v. State*, Tex.Cr.App., 519 S.W.2d 453; *Collins v. State*, Tex.Cr.App., 548 S.W.2d 368. Appellant's contention is overruled.

■ In his seventh ground of error, appellant complains of the following jury arguments by the prosecutor:

"MR. BENNETT: [Prosecutor] So, I think—we talked to Gregg Johanson and we realized that he couldn't add anything to the case. You know, Mr. Cook seems to think that it's unusual, for some reason, that we didn't bring you a whole flock of folks in here, Ladies and Gentlemen. Well, Ladies and Gentlemen, there was only two people that could testify to anything in this case and one of them is Gregg Johanson.

"MR. COOK: [Appellant's counsel] Your Honor, we object to that. It's outside the record and this attorney's testifying.

"THE COURT: Overruled.

"MR. COOK: Note our exception.

"MR. BENNETT: There was a customer, Gregg Johanson, who was on the floor for most of the time and couldn't

see anything and Mrs. Andrews. . .

"So, Ladies and Gentlemen, don't be misled by the fact that there is no physical evidence. The law says that Mrs. Andrews testimony is more than sufficient under the law—

"MR. COOK: We object to that—

"MR. BENNETT: —to prove guilt beyond a reasonable doubt.

"MR. COOK: The law does not say that and there's nothing in the Charge to that effect.

"THE COURT: Overruled.

\* \* \* \* \* \*

"In my experience, I think, that you can reasonably conclude from the evidence that was one of the most positive identifications that can be made.

"MR. COOK: Your Honor, I object to what his experience may be. He's testifying again and we object to it.

"THE COURT: Sustained.

"MR. COOK: Since the Court has sustained the objection, I—

"THE COURT: I'll instruct the Jury not to consider the remark about his experience.

"MR. COOK: Since it's so prejudicial, we move for a mistrial.

"THE COURT: Overruled."

With regard to appellant's first two objections, we note that appellant's counsel made the following argument prior to those arguments made by the prosecutor:

"If a man can be brought to trial on the testimony of one person that happened—for an offense that occurred some sixteen or seventeen months ago, and his jeopardy be put in issue and his chance at losing his freedom anywhere—as the Judge told you, the punishment in a robbery case is from five to ninety-nine years or life and can be put in that type of jeopardy on the testimony and only the evidence that you've heard in this case, then I'm scared of the law.

"Now, the State put on one witness and you heard them rest. They rested their case and said, 'Ladies and Gentle-men of the Jury, here it is. We want you to convict this man on that one piece of evidence.'

"Mr. Bennett told you out here, as a Jury Panel, that—I think that he telegraphed when he told you that there probably wasn't going to be any real or physical evidence in this case. He told you, in effect, that there was going to be just one witness, I think."

It is apparent from this argument that appellant first injected the subject of whether the testimony of one witness was sufficient to justify a conviction and why the State only relied upon one witness. We find the complained of arguments were in response to the argument of opposing counsel. *Alejandro v. State*, supra; *Mays v. State*, 563 S.W.2d 260 (delivered March 22, 1978).

With regard to appellant's third complained of argument, it is not proper for counsel to inject personal opinions into argument lest they convey to the jury the idea that they have bases for their conclusions in addition to the evidence before the jury. *Fowler v. State*, Tex.Cr.App., 500 S.W.2d 643. However, counsel may draw reasonable deductions "from the evidence" and, in the instant case, the prosecutor's remark concerning his experience represented permissible adversary comment. *Shipp v. State*, Tex.Cr.App., 482 S.W.2d 870. In any event, the trial court sustained the appellant's objection and the instruction to disregard cured the error, if any. *Stiggers v. State*, Tex.Cr.App., 506 S.W.2d 609; *Willis v. State*, Tex.Cr.App., 518 S.W.2d 247. Appellant's seventh contention is overruled.

In his final ground of error, the appellant argues that the trial court erred in considering inadmissible evidence when ruling on the appellant's motion to suppress. After Betty Andrews testified at the suppression hearing concerning her identification of the appellant at the line-up on January 30 at 1:40 p. m., the State introduced the complaint dated January 31, filed at 11:09 a. m. At that time, the following exchange occurred:

"MR. BENNETT: To note the Court's attention, that Case, Formal Complaint

was not filed until January the 31st, 1975, one day after the line-up was held. And at that time, and at the time the lineup was held, there was no formal charges pending against this man.

"MR. COOK: That is a conclusion on the part of the District Attorney and we object to it.

"THE COURT: Overruled.

"MR. COOK: We object to him testifying without being sworn. May I have a ruling on that last objection about him testifying?

"THE COURT: He wasn't testifying.

"MR. COOK: We object.

"THE COURT: That's my ruling.

"MR. COOK: We object and except."

At the time of this complained of argument, there was evidence before the court concerning the time of the lineup and the time of the filing of the formal complaint. Consequently, the prosecutor's argument was a reasonable deduction from the evidence before the court. *Pesch v. State,* supra; *Parish v. State,* supra. Appellant's final ground of error is overruled.

The judgment is affirmed.