UNITED STATES of America, Appellee,

v.

Michael Eugene VAUGHAN, Appellant.

No. 76–2017.

United States Court of Appeals,
Fourth Circuit.

Argued Aug. 9, 1977.

Decided Nov. 10, 1977.

Paul G. Evans, Baltimore, Md., for appellant.

Joseph M. Fairbanks, and Joshua R. Treem, Asst. U.S. Attys., Baltimore, Md., on brief, for appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

PER CURIAM:

Michael Eugene Vaughan appeals from his conviction of two counts of violating 18 U.S.C. §§ 659 and 2 by receiving and possessing property stolen from interstate commerce, and aiding and abetting in that enterprise. We affirm.

His principal assignment of error is a claimed denial of Fifth Amendment due process by "the impermissible appearance of prosecutorial vindictiveness in insisting that defendant plead guilty on pain of being reindicted for additional crimes and the procuring of such an indictment without affording defendant a preliminary hearing in violation of the" Sixth Amendment. The absence of a preliminary hearing is not pressed.

Vaughan was charged in count three of an indictment returned July 22, 1975 with violating 18 U.S.C. § 659. This indictment failed to allege an essential element of the offense, knowledge on the part of the defendant. After the original indictment and arraignment there were plea bargaining discussions, following the unsuccessful completion of which the government obtained a new indictment containing a reindictment of the original count, the Dokorder count, and adding a new count, the Marantz count.[1] Although the defendant moved pri-or to trial to dismiss both counts of the second indictment, during the trial court's consideration of the motion defense counsel noted that "[w]e have no objection to a valid indictment on the Dokorder count." Thus, Vaughan's objection is essentially to his conviction on the Marantz count, which was added in the second indictment, for which he was given a concurrent sentence, although his argument may be taken to request the dismissal of both charges. In view of the disposition we make of the case whether dismissal of either or both charges is sought makes no difference in our decision.

During plea negotiations on the first Dokorder count, the prosecutor told defense counsel that if the accused did not plead guilty to the original one-count indictment, he would be reindicted and the new count added. Relying on analogies to the decisions in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and *Blackledge v. Perry*, 417 U.S. 21, 27, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), the appellant sees in these negotiations and the reindictment a denial not only of due process but also of the right to a jury trial.

But the fact that the Assistant United States Attorney told the defendant's attorney that if the defendant did not plead guilty, he would be re-indicted and a new count added, does not tell the whole story. The statement was factual rather than in the context of a threat expressed or implied. The trial court found that there was no retaliatory motivation on the part of the government, and a reading of the transcript fully bears this out. It also found that the Marantz count had been inadvertently left out of the first indictment. The record shows that the defendant was apparently not aware of the defect in the first indictment at least until after arraignment on it and after plea bargaining was in progress.

---

1. Dokorder and Marantz are the names of a tape player and amplifier, respectively, named in the indictments. The Marantz equipment is charged in count 1 of the new indictment, and the Dokorder equipment in count 2 thereof.

The offenses alleged did not arise from the same act, but were charged to have occurred on different dates, February 3rd (Dokorder) and 10th (Marantz), 1975.

It is undisputed that a reindictment or agreed correction would have been necessary in the event of a trial to correct the error in the first indictment. Nothing in the record suggests any threat by the United States to the effect that the price the defendant would pay for a not guilty plea would be the additional Marantz count in a new indictment; rather, the discussions between the attorneys indicate nothing more than a disclosure by the Assistant United States Attorney, which even included reports of interviews conducted by the FBI. The record does not suggest any attempt on the part of the government to deprive the defendant of any right, either plea of not guilty, or trial by jury, or otherwise.

Assuming for argument only, which we do not decide, the applicability of *Pearce* and *Blackledge*, we are of opinion that the district court's findings of fact and the record dispose of any claim based on prosecutorial vindictiveness. *Pearce* and *Blackledge* if applied in the context of this case would establish that due process "protects a defendant from both actual vindictiveness and the fear of retaliation for exercising his right" not to plead guilty and to demand trial by jury. See *United States v. Johnson*, 537 F.2d 1170, 1172 (4th Cir. 1976). The trial court expressly found there was no retaliatory motivation on the part of the government, however, and since this finding is amply supported in the record and was not clearly erroneous, *Campbell v. United States*, 373 U.S. 487, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1963), to this extent there has been no violation of the *Pearce-Blackledge* standard.

Neither do we think that the record fairly supports any inference that the appellant need or reasonably could have feared prosecutorial retaliation for exercising his right to plead not guilty. While the prosecutor admittedly procured a new indictment with the additional Marantz count because the defendant did not plead guilty to the original indictment; the mere coexistence of the two events, in the circumstances present here, did not violate the *Pearce-Blackledge* rationale. The trial court found that the Marantz count had been inadvertently left out of the first indictment, and that its inclusion in the second indictment was done in a plea bargaining context. There would have been no error, said the district judge, and we think correctly, if the government had originally procured an indictment with several counts, and when plea negotiations, pointing to a guilty plea on one count, broke down, proceeded to trial on all counts. We think that the present case, as the trial court found in relating the facts before it to this "situation of plea bargaining," is the functional equivalent of normal plea bargaining, and thus did not present either "a realistic likelihood of 'vindictiveness,'" *Blackledge v. Perry*, 417 U.S. at 27, 94 S.Ct. 2098, or even its appearance. The government simply made two mistakes, one in leaving out the Marantz count in the first indictment, the other in the faulty wording of the first indictment. A correction of these mistakes without retaliatory motive does not warrant reversal.

Appellant's remaining assignments of error relate to the technical procedures used in obtaining the second indictment, a claimed Fourth Amendment search and seizure violation, procedure with respect to defense subpoenas, and, finally to varied specific rulings by the trial judge and the overall sufficiency of the evidence. We find no merit in these assertions.

The judgment of the district court is AFFIRMED.