Charles B. CHAPMAN,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 78–1609.

United States Court of Appeals,
Fifth Circuit.

April 23, 1979.

Rehearing En Banc Granted
June 5, 1979.

See 597 F.2d 590.

Charles Chapman, pro se.

Michael L. Tobin, Staff Counsel for Inmates, Huntsville, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., David M. Kendall, Jr., Joe B. Dibrell, Jr., Douglas M. Becker, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before THORNBERRY, CLARK and RONEY, Circuit Judges.

THORNBERRY, Circuit Judge:

■ In Texas state court, a jury found that petitioner Charles Chapman was guilty of burglary and that previously he had twice been convicted of committing felonies. Accordingly, as Texas law requires, the court sentenced Chapman to life imprisonment. *See Rummel v. Estelle*, 587 F.2d 651, 653 (5 Cir. 1978) (en banc). After having properly exhausted state procedures, Chapman brings this petition for writ of habeas corpus asserting that the prosecutor's refusal to consider plea bargaining after Chapman succeeded in having the trial court vacate his original guilty plea violated Chapman's fourteenth amendment due process rights.[1]

The original indictment alleged that petitioner had committed burglary and that he had been convicted of two prior felonies. Pursuant to a plea agreement petitioner pled guilty to the burglary, the prosecutor dismissed the enhancement provisions and the court sentenced petitioner to ten years imprisonment. Petitioner subsequently filed a motion for new trial alleging that his plea was not voluntary. After a hearing, the court granted petitioner's motion for a new trial.[2] The prosecutor then obtained a new indictment, which again included the enhancement provisions. After the reindictment, petitioner approached the prosecutor about the possibility of negotiating a

---

[1] Chapman also argues that his sentence of life imprisonment for having committed two burglaries and a forgery is cruel and unusual. We have decided this issue against Chapman's position in *Rummel v. Estelle*, 587 F.2d 651 (5 Cir. 1978) (en banc), *cert. filed.* Even the original panel in *Rummel* and the Fourth Circuit, where *Hart v. Coiner*, 483 F.2d 136 (4 Cir. 1973), *cert. denied*, 415 U.S. 983, 94 S.Ct. 1454, 39 L.Ed.2d 495 (1974) is the law, would likely reject Chapman's claim that his life imprisonment for committing two burglaries and a forgery violates the eighth amendment. *Rummel v. Estelle*, 568 F.2d 1193 (5 Cir. 1978); *Griffin v. Warden*, 517 F.2d 756 (4 Cir.), *cert. denied*, 423 U.S. 990, 96 S.Ct. 402, 46 L.Ed.2d 308 (1975).

[2] Petitioner's motion and appearance at this hearing were pro se. He does not now contend that he was entitled to an attorney in this proceeding and apparently has never raised this issue to the state courts. Therefore, we will not discuss it here.

plea, which the prosecutor refused to consider.[3] Petitioner went to trial, the jury convicted him on the new indictment and he received the mandatory life sentence.

Petitioner bases his due process argument on *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), and *Jackson v. Walker*, 585 F.2d 139 (5 Cir. 1978), asserting that the prosecutor's refusal to plea bargain after petitioner was reindicted both creates an appearance of vindictiveness and proves that the prosecutor acted out of actual vindictiveness prompted by petitioner's exercise of his right to seek vacation of his guilty plea.

Other decisions have discussed similar factual situations, but we cannot apply their reasoning to the present case. In *United States v. Johnson*, 537 F.2d 1170 (4 Cir. 1976), and *United States v. Anderson*, 514 F.2d 583 (7 Cir. 1975), the courts held that after a defendant had succeeded in vacating a bargained guilty plea in exchange for which the prosecutor dismissed some portions of the indictment, there is no due process violation when the prosecutor obtains a new indictment that makes the same charges contained in the original. These decisions, however, are based on the conclusion that "[r]etrial on the original indictment would simply return [defendant] and the government to the status that existed before [defendant] pleaded guilty." *United States v. Johnson*, 537 F.2d 1170, 1175 (4 Cir. 1976). Chapman's argument is more refined than that considered in these

cases. He argues that before he pled guilty the prosecutor was willing to charge Chapman with the burglary alone, without the enhancement provisions. After Chapman rejected the guilty plea, the prosecutor refused to assert only the burglary charge and insisted on prosecuting on the enhanced indictment. Thus, Chapman argues that the prosecutor's initial willingness to vacate the enhancement provisions, although not as formal an exercise of prosecutorial discretion as obtaining an indictment, nevertheless proves both actual and apparent vindictiveness.[4] The *Johnson* and *Anderson* courts did not discuss this contention.

The facts in *Martinez v. Estelle*, 527 F.2d 1330 (5 Cir. 1976), *cert. denied*, 429 U.S. 924, 97 S.Ct. 325, 50 L.Ed.2d 292 (1976), and *Arechiga v. Texas*, 469 F.2d 646 (5 Cir. 1973), are also similar to those in the present case. We cannot merely adopt the reasoning of those decisions, however, because in those cases the prosecutor had reoffered the original bargain after the defendant indicated he desired a new trial. The decisions held that there was no due process violation on those facts, but did not hold, as Chapman urges, that the reoffer was always necessary to avoid such a violation.

■ We base our decision instead on the particular reason for which petitioner withdrew his guilty plea in this case, and conclude that both aspects of petitioner's argument are without merit.[5] The record is

---

**3.** That petitioner requested the opportunity to plea bargain and the prosecutor refused does not appear in the record. The state does not argue, however, that this did not occur and petitioner has offered to prove his allegations if we find that these facts entitle him to relief. We conclude that even if the facts are as Chapman alleges, his appeal is without merit.

**4.** *Cf. Jackson v. Walker*, 585 F.2d 139, 147 (5 Cir. 1978): "in examining a record for *Blackledge* violations, our principal concern must of course be with charges on which the defendant was actually tried. Had the prosecutor here tried Jackson for a relatively minor charge at first, and then, after a successful appeal, retried her on a more severe charge, we would be more ready to suspect unconstitutional retaliation . . . ." For the reasons explained in

the text, however, we conclude that there is no reason "to suspect unconstitutional retaliation" in this particular case.

**5.** In *Jackson* this court has recently established a refined procedure for determining "whether to require a showing of actual vindictiveness or merely a showing of reasonable apprehension of vindictiveness . . . " before prohibiting the reindictment. Even if it is fully applicable to guilty plea cases, we do not undertake the *Jackson* analysis in this case because the underlying assumption of *Jackson* was that the situation discussed in that case created at least some appearance of vindictiveness. Unless there is at least a minimum danger of making future defendants apprehensive, there is no need to balance that danger against the infringement of the prosecutor's discretion. We

clear that petitioner withdrew his original guilty plea solely because he was dissatisfied with the sentence he had previously accepted. In a hearing on petitioner's motion to quash the enhancement portions of the second indictment petitioner explained his position:

THE COURT: And what grounds were you urging as grounds for your new trial?

THE DEFENDANT: Grounds that he, my attorney—

THE COURT: Who is he?

THE DEFENDANT: My attorney, the attorney refused to subpoena my defense witnesses. He refused to request a postponement so I could have them subpoenaed. He let the District Attorney introduce in evidence my prior convictions when an habitual portion had been quashed. And he also refused to put the case on appeal.

THE COURT: Well, you're saying then that you were coerced into the plea of guilty. Is that correct?

THE DEFENDANT: Yes, sir. Well, I had no other choice.

THE COURT: I'm sorry?

THE DEFENDANT: I had no other choice.

THE COURT: Well, then, are you telling me now that you were coerced into your plea of guilty that you made—when was it?

MR. MAGUIRE: February 20th.

THE COURT: —February 20th of 1974?

THE DEFENDANT: Yes, sir.

. . . . .

THE COURT: So, what you're telling us here today is that the whole reason that you pled guilty back on February of 1974, February the 20th, that you didn't want to plead guilty, that you at no time really wanted to plead guilty, that you were forced into this and coerced into doing something that you never really wanted to do. Is that correct?

THE DEFENDANT: That's right.

THE COURT: And if you had had your way about it, you would have gone to trial on the indictment without ever entering a plea of guilty regardless of what the recommendation was, regardless of what the admonishments were or anything else. Is that correct?

THE DEFENDANT: No, sir. If he had lowered that recommendation, I would have pled guilty, but nothing about it—

THE COURT: But at the time that you pled guilty and whatever you felt they were going to offer, you didn't want that?

THE DEFENDANT: No, sir.

THE COURT: And you didn't want to plead guilty. At that time, you wanted to go to trial on that indictment the way it stood and take your chances. Is that correct?

THE DEFENDANT: Yes, sir.[6]

In such a situation it would be futile for the prosecutor to reoffer the bargain Chapman had just succeeded in vacating. We cannot perceive how future defendants would be made apprehensive about the possibility of prosecutorial vindictiveness by the news that after Chapman succeeded in vacating his original bargain, the prosecutor failed to reoffer the identical bargain. Similarly, we cannot understand how this evidence would tend to prove that the prosecutor was actually retaliating against Chapman for requesting a new trial. Thus, the refusal to reoffer the bargain does not exhibit actual vindictiveness.

Because there is no danger of actual or apparent vindictiveness, the prosecutor's actions do not raise the due process concerns

---

decide this case on an issue antecedent to the *Jackson* analysis: that the prosecutor's actions in the present case do not appear even minimally vindictive.

6. It is irrelevant whether petitioner's guilty plea was in fact involuntary. He specifically complained that he wished to vacate the plea because the sentence he received was unsatisfac-

tory. Furthermore, it is irrelevant that Chapman may have agreed to plead guilty after the reindictment if the prosecution had offered to recommend a sentence less onerous than the first. The only action Chapman complains of is the prosecutor's failure to reoffer the original bargain.

identified in *Blackledge* and *Jackson*. The district court is therefore AFFIRMED.