UNITED STATES of America, Appellee,

v.

Tommy Lee WHITLEY, Appellant.

No. 83–5093.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 9, 1983.

Decided May 15, 1984.

Rodney W. Seaford, Charlotte, N.C., for appellant.

Richard S. Poe, Asst. U.S. Atty., Charlotte, N.C. (Charles R. Brewer, U.S. Atty., Asheville, N.C., Kenneth P. Andresen, First Asst. U.S. Atty., Charlotte, N.C., on brief), for appellee.

Before WINTER, Chief Judge, SPROUSE, Circuit Judge, and BUTZNER, Senior Circuit Judge.

HARRISON L. WINTER, Chief Judge.

Tommy Lee Whitley appeals from the judgment entered upon his conviction on a four-count indictment under 18 U.S.C. § 2113(a), (b), (d), and (e) for bank robbery.[1] Whitley contends that the sentence imposed by the district court improperly exceeded the sentence imposed upon an earli-

---

1. The relevant portions of 18 U.S.C. § 2113 provide:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management or possession of any bank, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or

Whoever takes and carries away, with intent to steal or purloin any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $1,000 or imprisoned not more than one year, or both.

\* \* \* \* \* \*

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

(e) Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct.

The capital penalty provided for in subsection (e) was effectively reduced to life imprisonment by the Supreme Court's decision in *Pope v. United States*, 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317 (1968).

er plea-bargained conviction that he had successfully attacked on appeal. Whitley also contends that the district court erred in refusing to suppress evidence seized in a search of the automobile Whitley was driving at the time of his arrest. We find merit only in the first of Whitley's claims. Accordingly, we affirm his conviction, but vacate his sentence and remand for resentencing.

## I.

A branch of the North Carolina National Bank in Charlotte, North Carolina, was robbed on May 22, 1979. The robber enforced his demand for money by grabbing a bank employee around the neck and holding a gun to her head. After obtaining money, he backed out of the bank still holding the employee, then pushed her aside and fled.

Whitley was arrested pursuant to a warrant in Concord, North Carolina, on May 26, 1979, when a police officer, acting on information that Whitley was driving a 1971 Plymouth Duster, observed the car and stopped it. Whitley was placed under arrest and the car was impounded and towed to the police station. A license check revealed that the car was registered to Elizabeth Leach. Leach, who was Whitley's sister, was brought to the police station by police officers. She there consented to a search of the car. A number of items were found that linked Whitley to the bank robbery. Among these were a handgun and a paper bag containing $2,200 in cash.

A federal grand jury returned a four-count indictment charging Whitley with violation of 18 U.S.C. § 2113(a), (b), (d), and (e). Plea negotiations between Whitley's counsel and the government resulted in Whitley's pleading guilty to a violation of 18 U.S.C. § 2113(d). In return for the guilty plea, the government dismissed the three remaining counts of the indictment. District Judge Woodrow W. Jones accepted the guilty plea on August 8, 1979, and sentenced Whitley to twenty-five years confinement. Upon Whitley's motion, Judge Jones subsequently reduced the sentence to twenty years.

Whitley then filed a motion with the district court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel. The district court dismissed the motion, but upon appeal we vacated the dismissal and remanded the case. *United States v. Whitley*, 692 F.2d 754 (4 Cir.1982). The district court then vacated Whitley's conviction and ordered that he be tried anew.

Whitley was retried on the original four-count indictment before a jury on April 11, 1983, with District Judge Robert D. Potter presiding. The jury returned a verdict of guilty on each of the four counts. The district judge merged all four counts of the indictment for sentencing and imposed a sentence of 50 years' confinement.

During the trial, Whitley moved the district court to suppress evidence seized in the stationhouse search of the automobile he was driving at the time of his arrest. The district court denied the motion after an evidentiary hearing.

## II.

Whitley maintains that the imposition of a 50-year sentence after his reconviction upon trial, when he had been sentenced to only 20 years after his original plea of guilty, violates his due process rights under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In *Pearce*, the Supreme Court stated that "[d]ue process of law .... requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." 395 U.S. at 725, 89 S.Ct. at 2080. As a prophylactic against such vindictiveness, the Court concluded that when a judge imposes a harsher sentence upon a defendant after retrial:

the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time

of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

395 U.S. at 726, 89 S.Ct. at 2081. In a companion case decided with *Pearce, Simpson v. Rice,* the Supreme Court applied identical reasoning to a situation where the petitioner successfully challenged not his trial but the adequacy of his guilty plea and then was later tried for exactly the same offense to which he earlier had pled guilty. Likewise, in *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), the Court extended the *Pearce* principle to the prosecutor.

 Under *Pearce,* not every increased sentence on retrial is unconstitutional, but only an increased sentence imposed in retaliation for the defendant's successful attack upon his first conviction. *Blackledge* makes clear, however, that the defendant need not prove he was an actual victim of retaliation. Quoting from *Pearce,* the Court reiterated in *Blackledge* that

"since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation .... "

on the part of judge or prosecutor. 417 U.S. at 28, 94 S.Ct. at 2102. The due process clause thus prohibits both the likelihood of actual vindictiveness and the apprehension of retaliation by either judge or prosecutor which might exist on the part of defendants and might deter them from appealing their convictions were apparently vindictive increases in punishment upon retrial allowed to stand. In assessing a given situation of increased punishment upon retrial under the *Pearce* standard, there-

fore, our task is to evaluate the likelihood either that vindictiveness might have influenced the punishment imposed after retrial or that the greater punishment would give rise among criminal defendants to justifiable apprehension of vindictiveness that would deter exercise of their rights to appeal.

In making this evaluation, we are of course cognizant that the present case differs factually from those considered to date by the Supreme Court. Those situations involving increased punishment which the Supreme Court has considered and found to raise due process violations have involved reconviction of a defendant upon an identical charge (*Pearce* and *Rice*) or the bringing of new more serious charges by the prosecutor after a defendant's initial conviction was struck down (*Blackledge*). In the present case, on the other hand, defendant upon retrial was convicted of a more aggravated offense than the one to which he pled guilty and both charges were included in the original indictment, which was revived when Whitley successfully established the involuntariness of his plea agreement. We thus must make an independent inquiry regarding the likelihood that increased punishment imposed upon an accused in defendant's position could be perceived to have been motivated by vindictiveness.

In the instant case we need not consider whether there was actual vindictiveness by the district court in imposing sentence because we are satisfied that, absent a reasoned explanation to justify increased punishment, to uphold the sentence would create a reasonable apprehension of vindictiveness which would have a chilling effect on defendants exercise of their rights to appeal. This is so because Whitley's original plea-bargained conviction was for a lesser included offense of the offense from conviction and sentence upon which he now appeals.[2] This means that in the original

---

**2.** It is accepted under the law of this circuit that the offenses of lesser forms of bank robbery specified in 18 U.S.C. § 2113 are lesser included offenses of the more aggravated offenses speci-

fied in that section, at least when they are all part and parcel of the bank robbery itself and do not represent separate occurrences. *See Crawford v. United States,* 519 F.2d 347, 351 (4

proceedings in this case, District Judge Jones, in accepting Whitley's guilty plea and imposing the original sentence, was treating the same transaction which was the basis of Whitley's reconviction. Indeed the record shows that in imposing sentence, Judge Jones was fully aware that Whitley had seized and threatened a bank employee. It is perhaps significant that with that knowledge Judge Jones on reconsideration of the sentence concluded to impose something less than even the maximum authorized by § 2113(d).

This case, involving an original guilty plea to a lesser included offense, differs from a case where the original guilty plea involved only one of multiple transactions covered by the original indictment. Cf. United States v. Johnson, 537 F.2d 1170 (4 Cir.1976) (involving indictment covering multiple transactions). In the latter case, the judge accepting the guilty plea in most circumstances will have considered only the transaction which is the subject of the guilty plea both in accepting the plea and in fashioning sentence. That another judge who hears evidence relating to other illegal transactions in the course of a subsequent trial after the original guilty plea was overturned on conviction should determine a more severe sentence to be appropriate is thus not remarkable and does not raise an appearance of judicial vindictiveness. However, where the original guilty plea was to a lesser included offense of the charge of which the defendant is later convicted, for the judge who sentences the defendant upon reconviction to impose a harsher sentence clearly raises the danger or the reasonable perception of the danger that the harsher punishment, in the absence of an affirmative statement that there are reasons for it that have become apparent since the original sentencing proceeding, was motivated by vindictiveness against the defendant for having exercised his right to appeal his earlier guilty plea.

■ We conclude that the reasonable apprehension of vindictiveness that might exist in situations like the present case and its deterrent effect on exercise of the right to appeal require that the prophylactic rules specified in Pearce be applied here. Where the defendant pled guilty to a lesser included offense of the charges upon which he subsequently was convicted, then the sentence upon reconviction may exceed the original sentence only if the second sentencing judge offers affirmative reasons adequate under the Pearce standard to support harsher punishment. Since Judge Potter, who imposed the harsher sentence, gave no explanation that would satisfy the requirements of Pearce, it follows that the sentence must be struck and defendant resentenced. In resentencing, Judge Potter may impose a sentence more severe than twenty years if he discerns and articulates a reason adequate under Pearce to justify harsher treatment.

### III.

■ We find no merit in Whitley's claim that the district court erred in refusing to suppress evidence seized in the search of the car driven by Whitley at the

Cir.1975); Walters v. Harris, 460 F.2d 988, 994 (4 Cir.1972). Defendant originally was charged with violation of § 2113(a), (b), (d), and (e). All of these counts arose solely from his conduct during the robbery and do not represent the sort of separate conduct (kidnapping or murder to avoid apprehension or to escape from arrest or confinement) that this court suggested in Crawford, supra, would give rise to separate offenses under § 2113. Defendant pled guilty to violation of § 2113(d) in the original proceedings in this case, which is thus (in the situation of this case) a lesser included offense of § 2113(e), of which he was convicted, inter alia, and upon which he was sentenced after his subsequent trial.

Our concurring co-panelist suggests that the various provisions of § 2113 create not true included offenses, but rather are "a single offense of bank robbery with varying penalties tied to the existence of aggravating circumstances." We are unable to accept this distinction. It is correct that the various provisions of § 2113 all go under the name of bank robbery, differing only in degrees of aggravation and the penalties thereby made applicable, but surely this is also true of certain other lesser-included offenses. For example, first and second degree murder and manslaughter all are the crime of homicide, differing only in the degree of aggravation and the applicable penalties.

time of his arrest. We need not consider the legal effect of the consent of the registered owner because the fact is that the arrest took place after Whitley's vehicle was stopped on a public road and the circumstances of the arrest provided probable cause to search the car.[3] When a moving vehicle is stopped by a law enforcement officer who has probable cause to search the vehicle, the law permits both an immediate warrantless search and a subsequent warrantless stationhouse search. *Chambers, supra; United States v. Haley,* 669 F.2d 201 (4th Cir.1982); *United States v. Muhammad,* 658 F.2d 249 (4 Cir.1981). The stationhouse search of the car thus did not violate constitutional standards.

### IV.

We find no error in the district court's refusal to suppress evidence seized in the automobile search, but we do find the sentence imposed against Whitley upon his conviction to violate due process standards. Accordingly, we affirm Whitley's conviction, but vacate his sentence and remand for resentencing in accordance with the views expressed herein.

AFFIRMED IN PART; VACATED IN PART AND REMANDED.

BUTZNER, Senior Circuit Judge, concurring.

I join in the court's conclusion that *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), requires that Whitley's sentence must be vacated, but my reasoning differs from the majority's analysis. I believe that 18 U.S.C. § 2113 creates a single offense of bank robbery with varying penalties tied to the existence of aggravating circumstances. In contrast, the majority characterizes the sections of the bank robbery statute as defining greater and lesser included offenses.

The difference in our views as to § 2113 is significant because *Pearce* would not apply if Whitley's original plea had been to a lesser included offense and subsequently he had been convicted of a greater offense. The apprehension of vindictiveness, which is the object of *Pearce*'s prophylactic rule, cannot exist when the second sentence is imposed for an offense greater than that which was the basis of the original conviction. The complete explanation for the harsher penalty is obvious on the face of a judgment convicting the defendant of the greater crime. *See United States ex rel. Williams v. McMann,* 436 F.2d 103 (2d Cir.1970). *Cf. United States v. Johnson,* 537 F.2d 1170, 1174–75 (4th Cir.1976).

My belief that § 2113 creates a single offense, rather than a series of lesser and greater offenses, is based on *Walters v. Harris,* 460 F.2d 988, 994 (4th Cir.1972), where we held:

> It was not the intent of Congress by the various sections of 18 U.S.C. § 2113 to create a number of distinct crimes for a single bank robbery .... Rather the various sections 'create different maximum punishments for a single offense depending on whether aggravating circumstances exist.'

Furthermore, as the majority points out, Whitley's actions during the robbery do not constitute the kind of conduct that would give rise to separate offenses under § 2113. *See Crawford v. United States,* 519 F.2d 347, 351–52 (4th Cir.1975).

*Pearce* is applicable because Whitley received a longer sentence than his original sentence after being reconvicted of the same offense. *See United States v. Hawthorne,* 532 F.2d 318, 322–25 (3d Cir.1976); *United States v. Floyd,* 519 F.2d 1031 (5th Cir.1975).

---

**3.** Whitley had been linked with the bank robbery by evidence sufficient to support a warrant for his arrest. The searching officers thus were apprised of the likelihood that Whitley would have under his control, either in the car or at a limited set of alternative locations, particular fruits, instrumentalities or evidence of the crime (*i.e.,* stolen cash, the handgun used in the robbery, or receipts linking Whitley with the scene of the crime). The circumstances thus were such as to "furnish probable cause to search a particular auto for particular articles." *Chambers v. Maroney,* 399 U.S. 42, 51, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970).