794 P.2d 1154

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Toby Kenneth HEER,
Defendant–Appellant.**

No. 17953.

Court of Appeals of Idaho.

July 6, 1990.

Terry S. Ratliff, Mountain Home, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., argued, Boise, for plaintiff-respondent.

BURNETT, Judge.

Toby K. Heer stands convicted of possession of a controlled substance. He brings this appeal to challenge a district court order denying his motion to suppress evidence found in his vehicle. We affirm.

The facts are as follows. While driving on Interstate Highway 84, Heer was arrested by a state trooper, Officer Sterling, for driving under the influence of alcohol. After being handcuffed and placed in a patrol car, Heer told Sterling he was concerned about money in the glove compartment of his vehicle. The officer looked in Heer's glove compartment and found a clear plastic baggie containing a large amount of money, a box of shells and a box containing a gun. Officer Sterling then called a back-up, Officer Corder. Together they conducted what they considered to be a pre-impoundment "inventory" of the car. They discovered in the passenger compartment a basket of clothes, a reloading scale and a small gold cup coated with a powdery white substance. At that time, a wrecker arrived and towed the car to the police station. As the vehicle was towed away, the officers called a deputy prosecutor, seeking advice on whether they should obtain a search warrant. The prosecutor told the officers there was an insufficient basis upon which to obtain a warrant. The officers later resumed the inventory at the police station. They then discovered an

unlocked metal suitcase in the trunk containing cocaine.

Heer eventually was charged with possession of cocaine. He filed a motion to suppress the evidence seized from the car. The district court issued an order denying the motion and Heer entered a conditional guilty plea. This appeal followed.

The sole issue is whether the district court erred by denying Heer's motion to suppress. In its memorandum opinion, the district court reasoned that the officers had conducted an inventory search which was sufficiently regulated to satisfy the Fourth Amendment. Heer now challenges this reasoning, arguing that the inventory search was not exercised according to standard criteria, but was instead a ruse for general rummaging to discover incriminating evidence. However, we need not address this argument on appeal because we believe that regardless of whether the officers engaged in a proper inventory search, the search otherwise satisfied Fourth Amendment strictures.

The Fourth Amendment of the United States Constitution prohibits unreasonable searches and seizures. *State v. Crawford*, 110 Idaho 577, 716 P.2d 1349 (Ct.App.1986). Generally, the police may conduct a search only if they have obtained a warrant based upon a finding of probable cause. An exception to the warrant requirement exists when officers make an arrest. The arresting officers may search the arrestee without first obtaining a warrant. *State v. Johnson*, 110 Idaho 516, 716 P.2d 1288 (1986). Moreover, an officer who makes a lawful custodial arrest of the occupant of an automobile may search the passenger compartment of the automobile and examine the contents of any container found within. *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).

Consequently, in this case, the officers' search of the passenger and glove compartments of Heer's car, following his arrest for driving under the influence, did not violate the Fourth Amendment. Moreover, the scale and gold cup lined with white powder, also found in the passenger compartment, gave the officers probable cause to believe there were drugs located elsewhere in the car. Although a prosecutor may have doubted the existence of probable cause when the officers consulted him, his opinion is not controlling here.

Further, we find no constitutional violation in the subsequent search of the metal suitcase inside the trunk. Police officers are authorized to search any compartments or containers in a car which may conceal contraband, if the search of the car itself is supported by probable cause. *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). Additionally, it does not matter that the car was at the police station when the trunk was searched. When an officer has probable cause to search a vehicle, the law permits both an immediate warrantless search and a subsequent warrantless station house search. *See, e.g., Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *United States v. Whitley*, 734 F.2d 994 (4th Cir.1984).

Accordingly, we uphold the search of Heer's vehicle and the containers. We need not address the "inventory" rationale employed by the district court. The judgment of conviction, entered upon Heer's conditional plea, is affirmed.

SWANSTROM, J., and HURLBUTT, J. Pro Tem. concur.