940 F.2d 653
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony BUTTS, a/k/a Tony, Defendant-Appellant.
 No. 89-5480.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 5, 1991.
Decided Aug. 6, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CR-89-57-N)
 L. Steven Emmert, Virginia Beach, Va., for appellant.
 Henry E. Hudson, United States Attorney, Robert J. Seidel, Jr., Assistant United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Anthony Butts appeals his convictions for conspiracy to distribute heroin and distribution of heroin. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue. Butts has been notified of his right to file a supplemental brief, and has filed such a brief with this Court.
 
 
 2
 We find the issue raised by counsel to be without merit. The district court did not abuse its discretion in denying Butts's motion to sever his trial from that of his co-defendant. Disparity in the evidence introduced against different parties is a proper ground for severance only in "the most extreme case." United States v. Mitchell, 733 F.2d 327, 331 (4th Cir.), cert. denied, 469 U.S. 1039 (1984) (citation omitted). This is not such a case. We find that those issues raised by Butts in his informal brief lack merit as well. In particular, there was more than adequate evidence introduced to overcome Butts's motions for acquittal. Butts's conviction for both conspiracy and the substantive offense of distribution does not pose a double jeopardy problem. See United States v. Johnson, 537 F.2d 1170, 1174 (4th Cir.1976) (the commission of a substantive offense and a conspiracy to commit it are separate and distinct crimes, and a plea of double jeopardy is no defense to a conviction for both). Finding that he has failed to make the requisite showing of particularized need, Dennis v. United States, 384 U.S. 855, 872 (1966), we deny Butts's motion for the production of grand jury transcripts.
 
 
 3
 As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude that there are no nonfrivolous grounds for appeal. Accordingly, we affirm the judgment of conviction.
 
 
 4
 Butts's attorney has moved to withdraw from this case. Counsel is currently employed by the City of Virginia Beach, Virginia, which prohibits him from representing private clients. Accordingly, counsel's motion to withdraw is granted. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A), this Court requires that the appellant be informed, in writing, of his right to petition the Supreme Court for further review. Accordingly, the Clerk is directed to appoint counsel for this purpose, and, if requested by his client to do so, new counsel should prepare a timely petition for a writ of certiorari.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 
 6
 AFFIRMED.