958 F.2d 369
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Calvin GORDON, Defendant-Appellant.
 No. 91-5077.
 United States Court of Appeals, Fourth Circuit.
 March 12, 1992.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Chief District Judge. (CR-91-10)
 W. James Payne, Powell & Payne, Shallotte, N.C., for appellant.
 Margaret Person Currin, United States Attorney, John Stuart Bruce, First Assistant United States Attorney, Richard B. Conely, Sr., Assistant United States Attorney, Raleigh, N.C., for appellee.
 D.N.C.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before SPROUSE and WILKINSON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Calvin Gordon seeks to appeal the judgment and sentence imposed by the district court following his plea of guilty to charges of bank robbery and conspiracy, 18 U.S.C. § 371 (1988); 18 U.S.C.A. § 2113 (West 1984 & Supp.1991). We affirm the conviction but dismiss the appeal from the sentence.
 
 
 2
 Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), and moved to withdraw. Counsel raises a single issue concerning the district court's failure to delay the sentencing to allow Gordon to provide substantial assistance. Gordon was notified of his right to file an additional brief and has responded.
 
 
 3
 Gordon entered into a plea agreement in which he waived his right to appeal the sentence imposed unless the court departed upward. Such waivers of appellate rights are valid and will be enforced when they are knowing and intelligent. See United States v. Davis, --- F.2d ----, No. 90-5859 (4th Cir. Jan. 9, 1992); United States v. Wessells, 936 F.2d 165 (4th Cir.1991); United States v. Wiggins, 905 F.2d 51 (4th Cir.1990). Even were the waiver invalid, this Court would nonetheless be without jurisdiction to consider the claim because the only issue concerns the district court's failure to depart downwards. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S.1990). Accordingly, the appeal on the issues raised by counsel and by Gordon concerning the sentence will be dismissed.
 
 
 4
 Gordon's double jeopardy claims are without merit. See Pereira v. United States, 347 U.S. 1, 11 (1954); United States v. Johnson, 537 F.2d 1170, 1174 (4th Cir.1976) (the commission of a substantive offense and a conspiracy to commit it are separate and distinct crimes, and a plea of double jeopardy is no defense to a conviction for both).
 
 
 5
 As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude that there are no nonfrivolous grounds for appeal. Accordingly, Gordon's conviction is affirmed.
 
 
 6
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. § 3006A (1988)), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari. Accordingly, we deny counsel's motion for leave to withdraw.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED IN PART AND DISMISSED IN PART.